UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ORLANDO RUIZ AND OSCAR DURANT, JR., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS <br><br> v. <br><br> ROCKHARD CO, LLC, ROCKHARD HOLDINGS, LLC AND CARLOS R. ROMAN, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:25-cv-427 |

**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Orlando Ruiz and Oscar Durant, Jr. ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. Named Plaintiffs also bring a Rule 23 claim under Texas common law for breach of contract, money had and received, and quantum meruit. Plaintiffs file their common law claims individually and as the representatives of the putative class members pursuant to Federal Rule of Civil Procedure 23 (the Texas State Law Claims). In support thereof, Named Plaintiffs would respectfully show as follows:

**I. NATURE OF DEMAND**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a

week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Named Plaintiffs and all other similarly situated employees in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay their employees at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Named Plaintiffs, on behalf of themselves and all other similarly situated delivery drivers employed by Defendants, bring this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to their non-exempt drivers for hours worked in excess of forty hours per workweek.

5. Additionally, for at least four years prior to the filing of this Complaint, Defendants have consistently shortchanged and cheated their drivers, including Named Plaintiffs, out of their promised pay. Defendants promised their drivers compensation equivalent to 30% of the payment received for each load transported, but Defendants rarely, if ever, paid their drivers this promised amount. Moreover, Defendants refused to provide any sort of documentation or other data supporting the calculation of their calculated percentages. Instead, paychecks would simply have a dollar amount on them, with no explanation of how these dollar amounts were derived.

## II. PARTIES

6. Named Plaintiff Orlando Ruiz ("Ruiz") is an individual who resides in Travis County, Texas. He was employed as a delivery driver by Defendants within the meaning of the FLSA from June 10, 2023 through February 20, 2024. A copy of his Consent is attached hereto as Exhibit A.

7. Named Plaintiff Oscar Durant, Jr. is an individual who resides in Travis County. He was employed as a delivery driver by Defendants within the meaning of the FLSA from April 2021 through April 2024. A copy of his Consent is attached hereto as Exhibit B.

8. Defendant Rockhard Co., LLC is a domestic limited liability company with its primary place of business in Williamson County, Texas.

9. Rockhard Co. LLC was an employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

10. Rockhard Co. LLC can be served with process by serving its registered agent, Carlos R. Roman, at 303 Creekside Cove, Cedar Park, Texas 78613, or wherever he may be found.

11. Defendant Rockhard Holding, Inc. is a domestic corporation with its primary place of business in Williamson County, Texas.

12. Rockhard Holding, Inc. was an employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

13. Rockhard Holding, Inc. can be served with process by serving its registered agent, Carlos R. Roman, at 303 Creekside Cove, Cedar Park, Texas 78613, or wherever he may be found.

14. Defendant Carlos R. Roman is an individual residing in Williamson County, Texas.

15. Carlos R. Roman was an employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

16. Carlos R. Roman can be served with process at 303 Creekside Cove, Cedar Park, Texas 78613, or

wherever he may be found.

### III. JURISDICTION AND VENUE

17. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 and § 1367.

18. The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Named Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

19. Venue is proper in the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in and around Travis and Williamson Counties, which are within this District and Division.

### IV. COVERAGE UNDER THE FLSA

20. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs.

21. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Defendants employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

25. As an owner and President of both Rockhard Co., LLC and Rockhard Holding, Inc., ("Rockhard Defendants"), Carlos R. Roman independently exercised managerial responsibilities and substantial control over the work situation of the employees of Rockhard Co., LLC and Rockhard Holding, Inc., including Named Plaintiffs and the class members.

26. Carlos R. Roman determined the wages to be paid to employees of the Rockhard Defendants, including Named Plaintiffs and the class members.

27. Carlos R. Roman determined the hours to be worked by employees of the Rockhard Defendants, including Named Plaintiffs and the class members.

28. Carlos R. Roman maintained the employment records of employees of the Rockhard Defendants, including Named Plaintiffs and the class members.

29. Carlos R. Roman maintained the power to discipline employees of the Rockhard Defendants, including Named Plaintiffs and the class members.

30. Carlos R. Roman maintained the power to hire and fire employees of the Rockhard Defendants, including Named Plaintiffs and the class members.

31. Carlos R. Roman maintained control, oversight, and direction over the operation of Defendants'

employment practices, including those practices affecting Named Plaintiffs and the class members.

## V.   FACTUAL ALLEGATIONS

32. Defendants operate a transportation and logistics company. Among other things, Defendants employed delivery drivers to pick up and transport gravel, topsoil and concrete in and around the Round Rock, Texas area.

33. Named Plaintiffs were employed by Defendants as non-exempt delivery drivers.

34. For a portion of their employment, Named Plaintiffs were paid strictly based on commissions, without tracking of hours worked and without payment of overtime premiums for any hours worked over forty per workweek.

35. After the Department of Labor found that Defendants had failed to pay their employees in accordance with the FLSA, Defendants modified their time and pay practices and began paying their employees on an hourly basis, although Defendants would edit or shave drivers' hours to reduce Defendants' unpaid overtime exposure.

36. Prior to the DOL investigation, Defendants paid all drivers on a commission basis. Defendants informed Named Plaintiffs and all other delivery drivers, verbally and in writing, that they would be paid 30% of the amounts collected for each load they picked up and/or transported.

37. Defendants never paid this promised amount. Additionally, Defendants refused to allow Named Plaintiffs or any other employees to review any documentation that would substantiate or otherwise support the compensation they received for transporting loads each pay period.

38. Named Plaintiffs and those similarly situated consistently worked more than forty hours per workweek.

39. In fact, Named Plaintiffs and those similarly situated typically worked 60 hours per week.

40. Prior to moving to an hourly system, Defendants did not track or otherwise record the hours Named

Plaintiffs and those similarly situated worked.

41. Prior to being moved to hourly pay, Named Plaintiffs and those similarly situated were never paid overtime compensation.

42. After they moved to an hourly system, Defendants manipulated the hours their drivers recorded by shaving or otherwise reducing them.

43. Defendants were fully aware of the hours worked by Named Plaintiffs and those similarly situated, as they were in charge of dispatching Named Plaintiffs and those similarly situated to pick up and drop off loads of materials.

44. Named Plaintiff Ruiz left his employment with Defendants before they began paying hourly. Named Plaintiff Durant was employed during the period in which Defendants paid only commissions as well as the period in which Defendants modified their time and pay system to pay hourly.

45. Defendants have employed and are employing other individuals as delivery drivers who have been and are currently being subjected to the same treatment as one or both Named Plaintiffs, in that they were not paid overtime for all hours worked over forty per workweek.

46. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to all similarly situated delivery drivers.

47. As stated above, Defendants were recently investigated by the Wage and Hour Division of the Department of Labor, which cited Defendants with 41 unpaid overtime violations. In spite of this investigation, Defendants did not start complying with the FLSA.

48. Instead, they simply found a new way to get around compliance with the FLSA. Instead of paying overtime premiums for all hours worked over forty per workweek, Defendants manipulated their

drivers' time and paid overtime premiums for only some of the hours worked over forty per workweek. Manipulation of time records is the textbook definition of a knowing violation.

## VI. COLLECTIVE ACTION ALLEGATIONS

49. Named Plaintiffs seek to have notice issue to the following class members pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former delivery drivers who were employed by Defendants for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

50. The Class Members were subjected to the same pay provisions in that they were all initially paid on a per load or percentage of load basis without any overtime premiums paid at all, and were then paid on an hourly basis, but were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek as a result of Defendants' time shaving scheme. Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiffs, without regard to their individualized circumstances or their job duties.

51. Defendants' failure to compensate their drivers for all hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to the FLSA Class Members in the manner described herein above.

52. This policy or practice is and has been, at all relevant times, applicable to Named Plaintiffs and all FLSA Class Members.

53. Application of this policy or practice does not depend on the personal circumstances of Named Plaintiffs or those joining this lawsuit.

54. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applies to all FLSA Class Members.

## VII. CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

55. Named Plaintiffs incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

56. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per workweek at rates no less than one-and-one-half times their regular rates for which they were employed.

Defendants have acted willfully in failing to pay Named Plaintiffs and other similarly situated drivers in accordance with applicable law.

### B. TEXAS STATE LAW CLAIM CLASS ALLEGATIONS

57. Named Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

58. Named Plaintiffs and the State Law Claims Class Members seek recovery of all unpaid money they were promised and/or should have been paid by Defendants under Texas common law principles for breach of contract.

59. Alternatively, Named Plaintiffs and the State Law Claim Class Members seek recovery of all promised but unpaid commissions and other damages owed by Defendants for the Texas State Law Claims under the Texas common law principles of quantum meruit and/or money had and money received.

60. Named Plaintiffs bring the Texas State Law Claims action on behalf of themselves and the State Law Claim Class Members. Named Plaintiffs seeks to represent a class initially defined as: all delivery drivers who (a) worked for Defendants (b) picked up loads of materials and/or made deliveries of materials as directed by Defendants; (c) were promised that they would be paid a specified percentage for picking up loads of materials and/or making deliveries of such loads of materials (d) but were not paid the promised percentages for picking up and/or delivering such loads of materials.

61. Named Plaintiffs request the opportunity to expand, narrow, or modify the State Law Claim Class Member class definition, including sub-classes, pursuant to a motion for class certification and/or amended complaint.

62. Named Plaintiffs' and State Law Claim Class Members' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action. On information and belief, there over 30 other delivery drivers who are and/or were victims of the Texas State Law Claims. As such, joinder is impracticable. The precise number of Texas State Law Claims class members and their addresses are readily determinable from the records of Defendants.

63. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members.  The questions of law and fact common to the class arising from the Texas State Law Claims include, but are not limited to, the following: a. Whether Named Plaintiffs and the State Law Claim Class Members are entitled to recovery of breach of contract damages from Defendants pursuant to Texas state law claims and/or other damages premised on quantum meruit and/or money had and money received; and b. The appropriate method to calculate damages owed Named Plaintiffs and the State Law Claim Class Members by Defendants for violations of state common law in connection with the Texas State Law Claims.

64. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the Texas State Law Claims.

65. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

66. Named Plaintiffs are victims of the Texas State Law Claims and are therefore members of the Texas State Law Claim Class. Named Plaintiffs are committed to pursuing this action and have retained counsel with experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Named Plaintiffs are adequate representatives of the class and have the same interests as all of its members. Furthermore, Named Plaintiffs' claims are typical of the claims of all members of the class, and Named Plaintiffs will fairly and adequately protect the interests of the absent members of the class. Named Plaintiffs and their counsel do not have claims or interests that are adverse to the class members.

67. Named Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any class action certification motion or other proceeding. Named Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII.  JURY DEMAND

68. Named Plaintiffs demand a jury trial.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs Orlando Ruiz and Oscar Durant, Jr., on behalf of themselves and all others similarly situated, pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and for certification of Named Plaintiffs' Texas State Law Claims as a Rule 23 class action naming Named Plaintiffs as the class representatives and the undersigned as class counsel and on trial of this cause, pray for judgment against Defendants Rockhard Co, LLC, Rockhard Holdings, LLC, and Carlos R. Roman, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

b. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent Defendants further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*;

  f. For an Order awarding Named Plaintiffs and the putative class members all available damages for the Texas State Law Claims including pre-and post-judgment interest as well as attorneys' fees and costs; and

  g. All other relief to which Named Plaintiffs and the putative collective action members and/or putative class action members are justly entitled.

       Respectfully Submitted,

       **WELMAKER LAW, PLLC**
       409 N. Fredonia, Suite 118
       Longview, Texas 75601
       Tel: (512) 799-2048

       By: */s/ Douglas B. Welmaker*
         Douglas B. Welmaker
         Attorney in Charge
         Texas State Bar No. 00788641
         doug@wemakerlaw.com

       **ATTORNEY FOR PLAINTIFFS**