IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ORLANDO RUIZ AND OSCAR DURANT, JR., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | CIVIL ACTION NO. 1:25-CV-427 |
| Plaintiffs, | § § | |
| v. | § § § | JURY DEMANDED |
| ROCKHARD CO, LLC, ROCKHARD HOLDINGS, LLC, AND CARLOS R. ROMAN, INDIVIDUALLY, | § § § § § | COLLECTIVE AND CLASS ACTION COMPLAINT |
| Defendants. | § | |

**DEFENDANTS' ORIGINAL ANSWER
TO COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants Rockhard Co., LLC, Rockhard Holdings, LLC, and Carlos R. Roman, (collectively "Defendants"), hereby file this Answer to Plaintiffs' Collective and Class Action Complaint ("the "Complaint") and states as follows:

The allegations contained in the unnumbered introductory paragraph of the Complaint are conclusory, argumentative in nature, state legal conclusions, and do not require a response. To the extent a response is deemed necessary, Defendants deny those allegations except admit that plaintiffs Orlando Ruiz and Oscar Durant, Jr. (collectively "Named Plaintiffs") purport to bring the legal claims referenced on behalf of themselves and an alleged putative class and collective pursuant to state and federal law.

**I. NATURE OF DEMAND**

1.    The allegations in paragraph 1 are argumentative, conclusory, state legal conclusions, and do not require a response. To the extent a response is deemed necessary,

4920-9797-4337.1

- 2 -

Defendants admit that the FLSA was passed in part for the reasons stated by Named Plaintiffs.

2. Defendants deny the allegations in paragraph 2, including for reasons that the term "similarly situated" is undefined, vague, and ambiguous.

3. The allegations in paragraph 3 are conclusory and argumentative in nature and do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph except admit that Named Plaintiffs purport to bring the instant lawsuit on a collective basis.

4. Defendants deny the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5 except admit that Named Plaintiffs were paid a percentage of the payment received for loads transported and that paychecks would state the amount of compensation paid.

## II. PARTIES

6. Defendants deny the allegations in the second sentence of paragraph 6 except admit that Named Plaintiff Ruiz was employed by Rockhard Co., LLC. Defendants lack knowledge to admit or deny the remaining allegations. Accordingly, these allegations are denied.

7. Defendants deny the allegations in the second sentence of paragraph 7 except admit that Named Plaintiff Ruiz was employed by Rockhard Co., LLC. Defendants lack knowledge to admit or deny the remaining allegations. Accordingly, these allegations are denied.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9 except admit that Defendant Rockhard Co., LLC, employed the Named Plaintiffs.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

- 3 -

12. Defendants deny the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

### III. JURISDICTION AND VENUE

17. Defendants deny the allegations in paragraph 17 except admit that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and the Fair Labor Standards Act under 29 U.S.C. § 201 et seq.

18. Defendants deny the allegations in paragraph 18 except admit that the Court has personal jurisdiction over Defendants by virtue of conducting business in Texas and Defendant Rockhard Co., LLC, having past employment relationships with the Named Plaintiffs.

19. Defendants do not dispute venue is proper and therefore admit the allegations in paragraph 19.

### IV. COVERAGE UNDER THE FLSA

20. Defendants deny the allegations in paragraph 20 because the phrase "[a]t all relevant times" is undefined, vague, and ambiguous.

21. Defendants deny the allegations in paragraph 21 because the phrase "[a]t all times hereinafter mentioned" is undefined, vague, and ambiguous.

22. Defendants deny the allegations in paragraph 22 because the phrase "[a]t all times hereinafter mentioned" is undefined, vague, and ambiguous.

23. Defendants deny the allegations in paragraph 23 because the phrase "[a]t all times hereinafter mentioned" is undefined, vague, and ambiguous.

24. Defendants deny the allegations in paragraph 24 because the phrases "[a]t all times hereinafter mentioned" and "at all relevant times" is undefined, vague, and ambiguous.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

### V. FACTUAL ALLEGATIONS

32. Defendants deny the allegations in paragraph 32 because the allegation is overbroadly directed at all "Defendants" and includes the phrase "among other things," which is undefined, vague, and ambiguous.

33. Defendants deny the allegations in paragraph 33 because the allegation is overbroadly directed at all "Defendants."

34. The allegations in paragraph 34 are conclusory, argumentative in nature, state legal conclusions, and do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph except admit that Named Plaintiffs were paid a commission during a portion of their employment.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

4920-9797-4337.1

38.     Defendants lack knowledge to admit or deny the allegations in paragraph 38 due to Named Plaintiffs' use of the undefined, vague, and ambiguous terms "similarly situated" and "consistently." Accordingly, those allegations are denied.

39.     Defendants lack knowledge to admit or deny the allegations in paragraph 39 due to Named Plaintiffs' use of the undefined, vague, and ambiguous terms "similarly situated" and "typically." Accordingly, those allegations are denied.

40.     Defendants lack knowledge to admit or deny the allegations in paragraph 40 due to Named Plaintiffs' use of the undefined, vague, and ambiguous term "similarly situated." Accordingly, those allegations are denied.

41.     Defendants lack knowledge to admit or deny the allegations in paragraph 41 due to Named Plaintiffs' use of the undefined, vague, and ambiguous term "similarly situated." Accordingly, those allegations are denied.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants lack knowledge to admit or deny the allegations in paragraph 43 due to Named Plaintiffs' use of the undefined, vague, and ambiguous phrase and/or term "fully aware" and "similarly situated." Accordingly, those allegations are denied.

44.     Defendants deny the allegations in paragraph 44 except admit that Named Plaintiff Ruiz left his employment with Defendant Rockhard Co., LLC, prior to certain timekeeping and payroll modifications.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

- 6 -

## VI. COLLECTIVE ACTION ALLEGATIONS

49. The allegations in paragraph 49 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations except admit that Named Plaintiffs purport to seek that notice be issued to the alleged putative "FLSA Class [sic] Members" as therein defined.

50. The allegations in paragraph 50 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

51. The allegations in paragraph 51 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

52. The allegations in paragraph 52 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

53. The allegations in paragraph 53 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

54. The allegations in paragraph 54 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

## VII. CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

55. Defendants incorporate all allegations contained in the foregoing paragraphs as

though fully set forth herein.

56. The allegations in paragraph 56 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

### B. TEXAS STATE LAW CLAIM CLASS ALLEGATIONS

57. Defendants incorporate the preceding paragraphs by reference as if set forth fully in this section.

58. The allegations in paragraph 58 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

59. The allegations in paragraph 59 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

60. The allegations in paragraph 60 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

61. The allegations in paragraph 61 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

62. The allegations in paragraph 62 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

63. The allegations in paragraph 63 are conclusory in nature, state legal conclusions,

and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

64. The allegations in paragraph 64 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

65. The allegations in paragraph 65 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

66. The allegations in paragraph 66 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

67. The allegations in paragraph 67 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Partial Motion to Dismiss.

## VIII. JURY DEMAND

68. The allegations in paragraph 68 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants admit that Named Plaintiffs purport to demand a jury trial, and Defendants hereby join in that request.

## IX. PRAYER FOR RELIEF

Regarding the unnumbered paragraph on page 12 of the Complaint beginning with the word "WHEREFORE," including subparagraphs enumerated "a" through "g," Defendants deny any wrongdoing or liability as to the allegations contained therein and further deny that the Named Plaintiffs or any other individuals are entitled to any of the relief sought.

- 9 -

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Named Plaintiffs and/or some or all of the alleged putative class and collective members fail to state a claim upon which relief can be granted.

2. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, because they are unable to prove their alleged losses, damages, and/or injuries in accordance with applicable law.

3. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, may be barred, in whole or in part, because Named Plaintiffs and/or some or all of the putative class and collective members may have waived and/or released such claims in exchange for adequate consideration.

4. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are limited to the extent they have failed to mitigate their damages (if any).

5. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, may be barred to the extent they seek remedies beyond those provided for by applicable law.

6. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, by contract terms.

7. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

8. Defendants are not liable to the extent any statements or actions were made in good-faith reliance on an administrative regulation, order, ruling, approval, interpretation, administrative

practice, and/or enforcement policy of the U.S. Department of Labor.

9. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, fail to the extent they rest upon alleged violations of the Fair Labor Standards Act ("FLSA").

10. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, because they were paid a lawful wage for which they agreed to work.

11. Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, by offset.

12. Defendants have complied with all applicable statutes and regulations set forth by local, state, and federal government, related to the conduct alleged in Named Plaintiffs' Complaint, precluding Named Plaintiffs or the alleged putative class and collective members from recovering damages.

13. The damages (if any) suffered by Named Plaintiffs and/or some or all of the alleged putative class and collective members are the direct and proximate result of their own acts and omissions.

14. This case cannot be maintained as a class action because Named Plaintiffs are not similarly situated to or otherwise adequate representatives for the members of the alleged putative class and/or collective whom they purport to represent.

15. Some or all of Named Plaintiffs' claims, individually and/or on behalf of any alleged putative class and/or collective members, are barred by res judicata and/or collateral estoppel and/or to the extent there is/are currently other action(s) pending on the same claims.

16. Named Plaintiffs and/or some or all of the alleged putative class and/or collective

members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under Fed. R. Civ. P. 23.

17. Named Plaintiffs' FLSA claims, individually and on behalf of the alleged putative collective members, are barred and/or limited by the applicable statute of limitations.

18. Named Plaintiffs' FLSA claims, individually and on behalf of the alleged putative collective members, are barred by good faith. Defendants believe in good faith that Named Plaintiffs and all alleged putative collective members were properly paid all wages owed to Named Plaintiffs and all alleged putative collective members. Defendants have an honest intention to comply with all wage laws and reasonably believe that Named Plaintiffs and all alleged putative collective members have been properly compensated for all time worked.

19. Named Plaintiffs' FLSA claims, individually and on behalf of the alleged putative collective members, are barred to the extent that Named Plaintiffs and the collective members seek recovery for time that is not compensable time under the FLSA. In the alternative, Defendants are entitled to an offset for monies paid to Named Plaintiffs and all alleged putative collective members by Defendants for periods in which Named Plaintiffs and alleged putative collective members were not engaged in compensable work.

20. Although Defendants deny all allegations of unlawful conduct in the Complaint and contend that Named Plaintiffs and all alleged putative collective members were at all times paid in compliance with applicable laws, if the fact-finder disagrees, Named Plaintiffs and all alleged putative collective members are exempt from the FLSA's overtime provisions pursuant to the learned professional exemption. 29 C.F.R. § 541.301.

21. Defendants engaged in no conduct that warrants an award of liquidated damages.

22. To the extent any relief sought by Named Plaintiffs or any alleged putative class or

4920-9797-4337.1

- 12 -

collective members would be duplicative of relief sought by other plaintiffs in other lawsuits or administrative actions—thereby subjecting Defendant to the possibility of multiple recoveries—such recovery is barred.

23.    Defendants reserve the right to plead, assert, and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Named Plaintiffs or alleged putative class or collective members or otherwise through discovery.

Date: May 9, 2025

Respectfully submitted,

GRAY REED & McGRAW LLP

By:    */s/ Ruth Ann Daniels*
Ruth Ann Daniels
*Attorney-in-charge*
State Bar No. 15109200
E-Mail: rdaniels@grayreed.com
Amanda M. Inabnett
State Bar No. 24012883
E-Mail: ainabnett@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Fax: (214) 953-1332

**ATTORNEYS FOR DEFENDANTS**

- 13 -

## CERTIFICATE OF SERVICE

      I certify that on May 9, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel who have consented in writing to accept service of this document by electronic means.

                                        */s/ Ruth Ann Daniels*
                                        Ruth Ann Daniels

4920-9797-4337.1