UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ORLANDO RUIZ AND OSCAR DURANT, JR., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CA NO. 1:25-cv-427-ADA-ML |
| ROCKHARD CO, LLC, ROCKHARD HOLDING, INC. AND CARLOS R. ROMAN, INDIVIDUALLY, | § § § § § | |
| DEFENDANTS | § | |

**PLAINTIFFS' FIRST AMENDED
CLASS AND COLLECTIVE ACTION COMPLAINT**

SUMMARY

1.  Defendants operate a transportation and logistics company and employ delivery drivers to pick up and transport gravel, topsoil and concrete in and around the Round Rock, Texas area. On or about February of 2024, Defendants changed the way they compensated their drivers, moving them from a commission based system to an hourly system. This change was motivated by a Department of Labor investigation that found Defendants' failure to track drivers' hours and to pay drivers' overtime premiums was in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.  Defendants' new compensation system, however, was no more compliant than the old system, as Defendants simply found a different way to limit their overtime exposure, which involved manipulating and reducing their drivers' reported hours. As a result of Defendants'

practice of undercounting drivers' hours, Defendants' drivers were not paid overtime premiums for all hours worked over forty per workweek in violation of the FLSA.

3. It is undisputed that during the period that Defendants paid their drivers on a commission basis, Defendants failed to keep track of their drivers' hours, and they failed to pay their drivers' overtime pay, which was in violation of the FLSA.

4. Further, Defendants represented to their drivers that their commissions would be based on a specific percentage of the amount Defendants collected for each load transported. However, Defendants consistently underpaid their commissioned drivers by paying them less than the agreed upon rate that was collected per load. This scheme to underpay Defendants' commissioned drivers constitutes a breach of contract under Texas common law.

5. This action seeks to recover the unpaid wages and other damages owed by Defendants to both their hourly and commissioned drivers along with the penalties, interest, and other remedies provided by Federal and Texas law.

## JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. The Court has supplemental jurisdiction over the state law class pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are headquartered in this District.

## PARTIES

9. **Plaintiff Orlando Ruiz** is an individual residing in Travis County, Texas.

10. Ruiz was, at all relevant times, an employee of Defendants within the meaning of the FLSA.

11. Ruiz was employed by Defendants as a delivery driver from June 10, 2023, through February 20, 2024. A copy of his Consent is attached to Plaintiffs' Original Complaint as Exhibit A.

12. **Plaintiff Oscar Durant, Jr.** is an individual who resides in Travis County.

13. Durant has been, at all relevant times, an employee of Defendants within the meaning of the FLSA.

14. Durant was employed as a delivery driver by Defendants from April 2021 through April 2024. A copy of his Consent is attached to Plaintiffs' Original Complaint as Exhibit B.

15. Plaintiffs represent at least two groups of similarly situated drivers of Defendants.

16. Ruiz and Durant represent a group of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt drivers of Defendants who worked for Defendants in Texas who were not paid overtime premiums for all hours worked over forty per workweek, at any time from three years before the date Plaintiffs' Original Complaint was filed until judgment is entered.**

17. Ruiz and Durant also represent a class of similarly situated workers under Texas common law pursuant to Federal Rule of Civil Procedure 23. This "Texas Class" is defined as:

> **All current or former drivers of Defendants who were paid on a commission basis and who were not paid all of their promised commissions, at any time from four years before the date Plaintiffs' Original Complaint was filed until judgment is entered.**

18. Throughout this Complaint, the FLSA Collective members and Texas Class members are referred to jointly as the "Similarly Situated Workers."

19. Defendant Rockhard Co., LLC is a domestic limited liability company with its primary place of business in Williamson County, Texas.

20. Rockhard Co. LLC was an employer of Ruiz and Durant and the Similarly Situated Workers.

21. Rockhard Co. LLC has already been served in this matter.

22. Defendant Rockhard Holding, Inc. is a domestic corporation with its primary place of business in Williamson County, Texas.

23. Rockhard Holding, Inc. was an employer of Ruiz and Durant and the Similarly Situated Workers.

24. Rockhard Holding, Inc. has already been served in this matter.

25. Defendant Carlos R. Roman is an individual residing in Williamson County, Texas.

26. Carlos R. Roman was an employer of Ruiz and Durant and the Similarly Situated Workers as defined by 29 U.S.C. §203(d).

27. Carlos R. Roman has already been served in this matter.

## COVERAGE UNDER THE FLSA

28. At all relevant times, Defendants were each an employer of Ruiz and Durant within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. At all relevant times, Defendants were each an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30. At all relevant times, Defendants have each been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

31. During at least the last three years, Defendants Rockhard Co. LLC and Rockhard Holding, Inc. have each had gross annual sales in excess of $500,000.

32. During at least the last three years, Defendants Rockhard Co. LLC and Rockhard Holding, Inc. were and are each part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

33. Defendants employ many workers, including Ruiz and Durant, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

34. The goods and materials handled, sold, or otherwise worked on by Ruiz, Durant and other employees of Defendants and that have been moved in interstate commerce include, but are not limited to, vehicles, telephones, computers and equipment utilized in the loading and unloading process.

35. As an owner and President of both Rockhard Co., LLC and Rockhard Holding, Inc., Carlos R. Roman independently exercised managerial responsibilities and substantial control over the work situation of the employees of Rockhard Co., LLC and Rockhard Holding, Inc., including Ruiz, Durant and the Similarly Situated Workers.

36. Carlos R. Roman determined the wages to be paid to employees of Defendants, including the Similarly Situated Workers.

37. Carlos R. Roman determined the hours to be worked by employees of Defendants, including the Similarly Situated Workers.

38. Carlos R. Roman maintained the employment records of employees of Defendants, including the Similarly Situated Workers.

39. Carlos R. Roman maintained the power to discipline employees of Defendants, including the Similarly Situated Workers.

40. Carlos R. Roman maintained the power to hire and fire employees of Defendants, including the Similarly Situated Workers.

41. Carlos R. Roman maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting the Similarly Situated Workers.

### FACTS

42. Defendants operate a transportation and logistics company. Among other things, Defendants employed delivery drivers to pick up and transport gravel, topsoil and concrete in and around the Round Rock, Texas area.

43. Ruiz and Durant were employed by Defendants as non-exempt delivery drivers.

44. Defendants originally paid their delivery drivers, including Ruiz and Durant, only on a commission basis, and did not track drivers' hours, nor did they pay their drivers overtime premiums.

45. When they were compensated on a commission basis, Defendants agreed with each of Ruiz, Durant, and all other delivery drivers, verbally and in writing, that they would be paid 30% of the amounts collected for each load they picked up and/or transported.

46. Defendants entered into valid and enforceable contracts with Ruiz, Durant, all other delivery drivers that they would be paid these commissions.

47. Defendants never paid their drivers this promised amount. Additionally, Defendants refused to allow Ruiz and Durant or any other drivers to review any documentation that would substantiate or otherwise support calculation of the compensation they received for transporting loads each pay period.

48. After the Department of Labor investigated and determined that Defendants had failed to pay their drivers in accordance with the FLSA, Defendants modified their time and pay

practices and began paying drivers on an hourly basis, although Defendants would edit or shave drivers' hours to reduce Defendants' unpaid overtime exposure.

49. Ruiz, Durant and the Similarly Situated Workers consistently worked more than 40 hours per workweek.

50. In fact, Ruiz, Durant and the Similarly Situated Workers typically worked 60 hours per week.

51. Defendants were fully aware of the hours worked by Ruiz, Durant and the Similarly Situated Workers as they were in charge of dispatching them to pick up and drop off loads of materials.

52. Defendants have employed and are employing other individuals as delivery drivers who have not been paid all overtime premiums for all hours worked over 40 per workweek.

53. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to the Similarly Situated Workers.

54. As stated above, Defendants were recently investigated by the Wage and Hour Division of the Department of Labor, who cited Defendants with 41 unpaid overtime violations. Despite this investigation, Defendants are still not in compliance with the FLSA.

55. Instead, Defendants simply found a new way to get around compliance with the FLSA. Instead of paying overtime premiums for all hours worked over forty per workweek, Defendants manipulated their drivers' time and paid overtime premiums to reflect only some of the hours worked over forty per workweek. Manipulation of time records is the textbook definition of a knowing violation.

## COLLECTIVE ACTION ALLEGATIONS

56. Numerous individuals were victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

57. Based on their experiences and tenure with Defendants, Ruiz and Durant are aware that Defendants' illegal practices were imposed on the FLSA Collective.

58. The FLSA Collective members were not paid for all overtime hours worked.

59. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Ruiz and Durant in terms of the pay provisions and employment practices at issue in this lawsuit.

60. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

61. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

62. Defendants' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

63. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS—TEXAS CLASS

64. The illegal practices Defendants imposed on Ruiz and Durant were likewise imposed on the Texas Class members.

65. Numerous other individuals who worked for Defendants were not paid their promised commissions, which constitute a breach of contract under Texas common law.

66. The Texas Class is so numerous that joinder of all members of the class is impracticable.

67. Defendants imposed uniform practices and policies on Ruiz, Durant and the Texas Class members regardless of any individualized factors.

68. Based on their experience and tenure with Defendants, Ruiz and Durant are aware that Defendants' illegal practices were imposed on the Texas Class members.

69. Defendants entered into valid contracts with each of Ruiz, Durant, and the Texas Class members to pay commissions for the work they performed.

70. Neither Ruiz, nor Durant, nor the Texas Class members were paid their promised commissions.

71. Defendants' failure to pay the promised commission in accordance with Texas common law regarding breach of contract results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Texas Class members.

72. Ruiz and Durant's experiences are therefore typical of the experiences of the Texas Class members.

73. Ruiz and Durant have no interest contrary to, or in conflict with, the members of the Texas Class. Like each member of the proposed class, Ruiz and Durant have an interest in obtaining their unpaid commissions and other damages owed under Texas common law.

74. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

75. Absent this action, many Texas Class members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating Texas law.

76. Furthermore, even if some of the Texas Class members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

78. The questions of law and fact common to each of the Texas Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Texas Class members were promised a commission for all loads transported; and

   b. Whether Defendants' failure to pay the promised commission constituted a breach of contract under Texas common law.

79. Ruiz and Durant's claims are typical of the Texas Class members. Ruiz and Durant and the Texas Class members have all sustained damages arising out of Defendants' illegal and uniform employment policy of refusing to pay drivers their promised commissions.

80. Ruiz and Durant know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

81. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class treatment.

**FIRST CAUSE OF ACTION— FLSA VIOLATIONS
AS TO RUIZ, DURANT, AND THE FLSA COLLECTIVE**

82. Plaintiffs incorporate each allegation set forth in paragraphs 1-81.

83. By failing to pay Plaintiffs and the FLSA Collective members overtime premiums for all hours worked over forty per workweek, Defendants violated the FLSA. 29 U.S.C. § 207(a).

84. Defendants owe Ruiz, Durant and the FLSA Collective members overtime premiums for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

85. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

86. Because Defendants knew or showed reckless disregard for whether their pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

87. Defendants' failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

88. Because Defendants' decision not to pay overtime was not made in good faith, Defendants also owe Ruiz and Durant and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

89. Accordingly, Ruiz and Durant and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—BREACH OF CONTRACT
### AS TO RUIZ, DURANT, AND THE TEXAS CLASS

90. Plaintiffs incorporate each allegation set forth in paragraphs 1-89.

91. Defendants entered into contractual agreements with Ruiz and Durant and each of the Texas Class members.

92. Defendants' contractual agreements with Ruiz and Durant and the Texas Class Members were oral or written contracts.

93. Whether the contractual agreements of Ruiz and Durant and the Texas Class Members were formal contracts, written or oral, or otherwise does not alter Defendants' contractual obligations.

94. Ruiz and Durant and the Texas Class Members' status as at-will employees or otherwise is also irrelevant to whether they had an enforceable contract for wages with Defendants.

95. Under their contractual agreements, Ruiz and Durant and each of the Texas Class Members agreed to perform work for Defendants, and Defendants agreed to fully compensate each worker for all time worked at the agreed upon commission based rates.

96. Ruiz and Durant and the Texas Class members carried out their contractual duties by performing work by Defendants.

97. Defendants breached their agreement with Ruiz and Durant and the Texas Class members by failing to compensate Ruiz and Durant and the Texas Class members for their work at the agreed upon and promised rates.

98. As a result of Defendant's breach of contract, Ruiz and Durant and the Texas Class members have suffered damages.

99. Ruiz and Durant and the Texas Class members are entitled to recover their contractually agreed wages, attorneys' fees, costs, and all other legal and equitable relief.

**CAUSE OF ACTION—UNJUST ENRICHMENT
AS TO RUIZ, DURANT, AND THE TEXAS CLASS**

100. Plaintiffs incorporate each allegation set forth in paragraphs 1-99.

101. Defendants' acts and omissions in denying promised commissions and overtime pay to Ruiz and Durant and the Texas Class members was done knowingly, willfully, or with reckless disregard to the rights of Ruiz and Durant and the Texas Class members.

102. As a result of their unlawful acts and omissions, Defendants received substantial benefit in the form of financial compensation that rightfully belonged to Ruiz and Durant and the Texas Class Members.

103. It would be unjust to allow Defendants to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Ruiz and Durant and the Texas Class members the commissions they were entitled to under Texas law.

104. Defendants have been unjustly enriched by their unlawful acts and omissions.

## RELIEF SOUGHT

Plaintiffs pray for judgment against Defendants as follows:

a. For an order issuing notice to all similarly situated FLSA Collective members;

b. For an order certifying a class action for the Texas law claims;

c. For an order finding Defendants liable for violations of federal wage laws with respect to Plaintiffs and all FLSA Collective members covered by this case;

d. For an order finding Defendants liable for breach of contract under Texas common law with respect to Ruiz, Durant and all Texas Class members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Ruiz and Durant and all FLSA Collective members covered by this case;

f. For a judgment awarding attorneys' fees to Ruiz and Durant and all FLSA Collective and Texas Class members covered by this case;

g. For a judgment awarding costs of this action to Ruiz and Durant and all FLSA Collective and Texas Class members covered by this case;

h. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Ruiz and Durant and all FLSA Collective and Texas Class members covered by this case; and

i. For all such other and further relief as may be necessary and appropriate.

        Respectfully Submitted,

        **WELMAKER LAW, PLLC**
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Tel: (512) 799-2048

        By:  */s/ Douglas B. Welmaker*
             Douglas B. Welmaker
             Attorney in Charge
             Texas State Bar No. 00788641
             doug@wemakerlaw.com

        **ATTORNEY FOR PLAINTIFFS**

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

        */s/ Douglas B. Welmaker*
        Douglas B. Welmaker

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing First Amended Class and Collective Action Complaint has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on May 30, 2025.

        */s/ Douglas B. Welmaker*
        Douglas B. Welmaker

- 15 -