**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ORLANDO RUIZ AND OSCAR DURANT, JR., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,** | § § § § § | **CIVIL ACTION NO. 1:25-CV-427-ADA-ML** |
| **Plaintiffs,** | § § | **JURY DEMANDED** |
| **v.** | § § | |
| **ROCKHARD CO, LLC, ROCKHARD HOLDING, INC., AND CARLOS R. ROMAN, INDIVIDUALLY,** | § § § § § | **CLASS AND COLLECTIVE ACTION** |
| **Defendants.** | | |

## DEFENDANTS' RENEWED PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants Rockhard Co., LLC (incorrectly named "Rockhard Co, LLC" in the First Amended Class and Collective Action Complaint), Rockhard Holding, Inc, and Carlos R. Roman, (collectively "Defendants") hereby renew their motion for partial dismissal of Plaintiffs Orlando Ruiz and Oscar Durant Jr.'s (collectively "Plaintiffs") First Amended Class and Collective Action Complaint (the "First Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.
## BACKGROUND

Plaintiffs filed their Original Collective and Class Action Complaint ("Complaint") on April 14, 2025, alleging a cause of action under the Fair Labor Standards Act ("FLSA") for unpaid overtime on behalf of themselves as well as an alleged putative collective. (ECF No. 1. ¶¶ 1–4, 49–56.) Additionally, Plaintiffs alleged causes of action under Texas common law for breach of

contract and, in the alternative, quantum meruit and/or unjust enrichment, on behalf of themselves and an alleged putative class under Rule 23 of the Federal Rules of Civil Procedure. (*Id.* ¶¶ 5, 57–67.) Defendants filed a Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 6) on May 9, 2025, which was mooted when Plaintiffs amended their Complaint several weeks later.

On May 30, 2025, Plaintiffs filed their First Amended Class and Collective Action Complaint ("Amended Complaint"). (ECF No. 9.) While Plaintiffs' amendment served to drop their Texas common law quantum meruit claim and add a number of new factual allegations, the substance of Plaintiffs' FLSA and Rule 23 claims for breach of contract and unjust enrichment remain virtually the same. (*Id.* ¶¶ 4, 45–46, 65, 69–71, 91–99, 101–104.) Because Plaintiffs' amendment is futile in addressing the arguments asserted by Defendants in their previously filed Partial Motion to Dismiss (ECF No. 6), Defendants now renew their dismissal motion with appropriate modifications as to pleading citations and omitting their prior argument concerning Plaintiffs' voluntarily dismissed quantum meruit claim.

While Defendants continue to vehemently oppose Plaintiffs' FLSA cause of action and underlying allegations, the instant Motion is aimed solely at Plaintiffs' Rule 23 claims under Texas common law. As explained further below, Plaintiffs' state law causes of action are not well taken and should be dismissed at this stage of the proceedings in order to preserve judicial resources. *See Ridley v. Regency Vill., Inc.*, No. CV H-17-974, 2018 WL 1334813, at *5 (S.D. Tex. Mar. 15, 2018) (citing *Higgins v. White Servs. Grp.*, No. 614CV472ORL18KRS, 2014 WL 12872798, at *9 (M.D. Fla. Apr. 17, 2014), report and recommendation adopted, No. 614CV472ORL18KRS, 2014 WL 12872797 (M.D. Fla. May 5, 2014)).

## II.
## SUMMARY OF THE ARGUMENT

Plaintiffs' Rule 23 claims are subject to dismissal for several reasons. First, Plaintiffs' claims for Texas common law for breach of contract and unjust enrichment should be dismissed because Plaintiff's causes of action under Rule 23 do not state a claim for relief due to the "fundamental, irreconcilable difference" between the FLSA's opt-in and Rule 23's opt-out procedures. *Ridley*, 2018 WL 1334813 at *4–5 (quoting *LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 288–89 (5th Cir. 1975)); *Thomas v. Huntleigh USA Corp.*, No. CV H-16-3648, 2018 WL 560403 at *1 (S.D. Tex. Jan. 25, 2018); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010); *Williams v. Trendwest Resorts, Inc.*, No. 205-CV-0605-RCJ-LRL, 2007 WL 2429149, *3-4 (D. Nev. Aug. 20, 2007). Second, Plaintiffs' Rule 23 claims as alleged require inherently individualized inquiries, which render class certification impossible. Third, it would be inappropriate to exercise supplemental jurisdiction over Plaintiffs' state common law claims because they will "substantially predominate" over their federal claims; therefore, the Court should decline to exercise discretionary supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. Section 1367(c). For these reasons, Defendants move for dismissal of Plaintiffs' Rule 23 class claims.

## III.
## LEGAL STANDARD

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss claims asserted against it when the non-movant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive dismissal. *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). A plaintiff's pleading must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). On the contrary, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868.

Examining a motion to dismiss is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.,* 556 U.S. at 679, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F.Supp.2d 654, 658 (S.D. Tex. 2012).

Further, when a complaint is purportedly filed on behalf of a putative class, the *Twombly* and *Iqbal* standard still applies to class allegations. *See Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (applying *Twombly* and *Iqbal* standards to plaintiffs' class allegations). In a Rule 23 context, named plaintiffs who purportedly represent a class of individuals "must allege and show that they personally have been injured, not that injury has been suffered by other,

unidentified members of the class to which they belong and which they purport to represent." *Gratz v. Bollinger*, 539 U.S. 244, 289-90 (2003).

## IV.
## LEGAL ARGUMENT

### A. Plaintiffs' Rule 23 Claims Should Be Dismissed Because They Are Inherently Incompatible with Their FLSA Claim and Are Not Amenable to Class Certification.

#### 1. Plaintiffs' Rule 23 Opt-Out Claims Are Incompatible with Their FLSA Opt-In Claim.

Plaintiffs purport to allege common law claims for breach of contract and unjust enrichment not only on their own behalf, but on behalf of numerous other employees of the Defendants. Plaintiffs' Rule 23 claims cannot be used in a manner that would circumvent the opt-in provisions of the FLSA.

There is a "fundamental, irreconcilable difference" between a Rule 23 class action and a FLSA collective action. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d at 288; *Ridley*, 2018 WL 1334813 at *4; *Thomas*, 2018 WL 560403, at *1; *McKnight*, 756 F. Supp. 2d at 800. Under the FLSA, an individual may only become a party to a collective action if he or she affirmatively requests to be made a party. In this way, an individual's rights will not be adjudicated unless and until he or she agrees and advises the court that he or she wants them to be adjudicated. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [FLSA] action *unless* he gives consent in writing to become a party and such consent is filed in the court in which such action is brought") (emphasis added).

Rule 23 operates in an opposite fashion. Pursuant to Rule 23, a putative class member becomes a plaintiff and a *party* to the certified class action unless he or she affirmatively takes action to *exclude* him or herself from a proposed suit. Therefore, any judgment on the underlying

- 5 -

issues binds a putative Rule 23 plaintiff who does not advise the court that he or she does not desire adjudication of his or her rights in the litigation. Accordingly, the Fifth Circuit has held:

> In a Rule 23 proceeding a class action is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has opted out of the suit. Under § [216(b)] of [the] FLSA, on the other hand, no person will be bound by or may benefit from judgment unless he has affirmatively opted into the class; that is, given his written, filed consent. It is crystal clear that [§ 216(b)] precludes pure Rule 23 class actions in FLSA suits.

*LaChapelle*, 513 F.2d at 288 (citations omitted). Thus, a plaintiff in an FLSA action "has no procedural right to represent other plaintiffs" who have not joined the action. *Vogel v. Am. Kiosk Mgmt.,* 371 F. Supp. 2d 122, 127 (D. Conn. 2005).

In *Leuthold v. Destination America, Inc.*, the Northern District of California held that an "FLSA suit provides a means of participation for individuals who truly wish to join the suit, while requiring no action from those who do not wish to join. By contrast, a Rule 23 class requires that a potential class member take affirmative action not to be bound by the judgment." 224 F.R.D. 462, 469-70 (N.D. Cal. Aug. 16, 2004). As a result, Rule 23 and FLSA actions are incompatible and when, as here, Plaintiffs seek to pursue wage and hour claims under both Rule 23 and FLSA Section 216(b), the two cannot take place simultaneously in the same litigation.

The Fifth Circuit in *La Chapelle* perfectly summarized the procedural concerns as follows: "It is crystal clear that §16(b) precludes pure Rule 23 class actions in FLSA suits." *Id*. This court in *Jackson v. City of San Antonio*, similarly recognized, "the simultaneous management of the two 'irreconcilable' procedures for class formation is unwieldy, would detract from the efficient resolution of the substantive dispute and, most importantly, is frowned upon by the Fifth Circuit." 220 F.R.D. 55, 59-61 (W.D. Tex. 2003) (citing *La Chapelle*, 513 F.2d at 288-89 (finding that the

Rule 23 class action and the section 216(b) representative action are "mutually exclusive and irreconcilable")).

Courts routinely treat this fundamental incompatibility as a procedural bar against permitting both types of class schemes to proceed in the same litigation. *See Williams,* 2007 WL 2429149 at *3-4 (dismissing plaintiff's state-law claims but allowing FLSA claim because allowing both claims would permit the plaintiff to "circumvent the restrictive 'opt-in' requirements of the FLSA"); *Leuthold*, 224 F.R.D. at 469-70 (declining supplemental jurisdiction over state claims brought under Rule 23); *Herring v. Hewitt Assocs., Inc.*, No. CIV. 06-267, 2006 WL 2347875, *2 (D.N.J. Aug. 11, 2006) (striking Rule 23 class claims as fundamentally incompatible with plaintiff's FLSA claims relying upon *La Chapelle v. Owens-Illinois, Inc*); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) (disallowing plaintiff from circumventing the opt-in requirement and bringing unnamed parties into federal court by calling upon state law causes of action).

The United States Supreme Court held that § 216(b) of the FLSA was enacted to preempt plaintiffs from alleging wage violations via traditional Rule 23 class actions. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (the FLSA was drafted to "limit[] private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions"). Holding otherwise would defeat the underlying purpose of § 216(b)'s affirmative opt-in requirement and would further be likely to confuse absent individuals from pursuing their own claims. *Williams*, 2007 WL 2429149, at *4 (D. Nev. Aug. 20, 2007) (dismissing the plaintiff's state law claims and allowing the FLSA claim because allowing both claims would allow the plaintiff to "circumvent the restrictive opt-in requirements of the FLSA"); *Leuthold,* 224 F.R.D. at 480; *Wheat v. Abbott Laboratories, Inc.*, Case No. SA-10-CA-1040-FB,

2011 WL 13324128, at *7 (W.D. Tex. Apr. 29, 2011) ("Allowing plaintiffs to proceed with class allegations on their common law cause of action . . . could cause . . . a confusing situation that might discourage and prevent the absent individuals from pursuing their own claims if [they] do not timely opt-out of the Rule 23 class.").

The legislative intent of § 216(b) and the inherent conflict in simultaneous opt-out and opt-in claims compels a finding that Plaintiffs may not pursue their state law remedies under Rule 23 as part of this action. Because Plaintiffs seek to bring class claims under both § 216(b) and Rule 23, the Court should bar the simultaneous prosecution of those claims in this litigation. Dismissing Plaintiffs' Rule 23 state law claims and allowing the FLSA claims to proceed will appropriately prohibit Plaintiffs from circumventing the FLSA's intentionally restrictive opt-in design.

### 2. Plaintiffs' State Law Claims Require Individualized Inquiries and Cannot Be Maintained as a Class Action.

Among other requirements, a class may be certified under Rule 23(b)(3) only if "the court finds that the questions of law and fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The predominance inquiry requires courts "to consider how a trial on the merits would be conducted if a class were certified." *Funeral Consumers Alliance, Inc. v. Service Corp. Int'l*, 695 F.3d 330, 348 (5th Cir. 2012). Thus, it "'entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class,' a process that ultimately 'prevents the class from degenerating into a series of individual trials.'" *Madison v. Chalmette Refining, L.L.C.*, 637 F. 3d 551, 555 (5th Cir. 2011) (quoting *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003)). The inquiry must look beyond the pleadings for the court to "understand the claims, defenses, relevant facts, and applicable substantive law." *Madison*, 637 F. 3d at 555; *O'Sullivan*, 319 F.3d at 738. Rule 23(a)(2) requires a unique

commonality: each class member's claim "must depend upon a common contention" and this "common contention, moreover, must be of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).

Plaintiffs cannot meet the predominance burden. Plaintiffs' state law claims present inquiries that are inarguably individualized and cannot generate a common answer in "one stroke." Instead, the proceedings will be overtaken by an overwhelming number of individual fact inquiries inherent in litigating the Plaintiffs' breach of contract and unjust enrichment claims.

For example, a central issue will be whether a valid contract exists between the class member and Defendants. In fact, Plaintiffs admit that individualized inquiry is necessary to determining whether class treatment is appropriate. *See* (ECF No. 9, ¶ 78 ("Among the common questions of law and fact [to each of the Texas Class members] are: (a) Whether the Texas Class members were promised a commission for all loads transported; and (b) Whether Defendants' failure to pay the promised commission constituted a breach of contract under Texas common law."). This will entail individualized inquiries, as will the question of determining the terms of any given class member's contract if one is even found to exist. Determining failure to perform (*i.e.*, breach) will also necessarily entail consideration of the individual circumstances of the particular class member's employment, including wages and benefits paid, and the duration of shifts on various work assignments.

Likewise, barring a valid contract, class members pursuing an unjust enrichment claim will face necessary individual inquiries regarding the presence of fraud, duress, or the taking of improper advantage in Defendants' alleged failure to compensate for work activities. *See Butcher*

*v. Delta Memorial Hosp.,* No. 5:12CV00241, 2013 WL 1668998, at *8 (E.D. Ark. Apr. 17, 2013) (denying as futile plaintiffs' leave to file a proposed amended complaint to add class certification allegations under Rule 23(b)(3) for unjust enrichment and promissory estoppel claims of employees who were allegedly uncompensated for work hours because the claims would require individualized inquiry and overwhelm any common question of law or fact presented by plaintiffs' class claims). These questions are not only important for the purpose of assessing damages, but they are just as critical, if not more so, to the question of liability.

In an analogous case, predominance correctly resulted in dismissal of state law claims, including breach of contract and unjust enrichment. *Ridley*, 2018 WL 1334813 at *4–5. Specifically, the Southern District of Texas held that the plaintiffs' state law claims would impermissibly predominate in the litigation because the plaintiffs' Rule 23 breach of contract claims would require "proof beyond that required for the FLSA claim" and because the court would have to consider "the validity of the alleged contracts." *Id.* at *4. It was inconsequential in the court's opinion that "the state law claims may not be complex" because they would "require substantially more proof and the discussion of substantially more issues than the FLSA." *Id.* Indeed, the court reasoned that "managing [an "irreconcilable" FLSA collective and a Rule 23 class] for purpose of hearing state law claims that the court would not otherwise have jurisdiction over, provides the court with sufficient basis to decline jurisdiction under § 1367(c)(4)." *Id.* (citing *Jackson*, 220 F.R.D. at 59). Accordingly, the court dismissed the plaintiffs' Rule 23 state law claims and held that it was proper to do so early in the case to preserve judicial resources. *Id.* at *5 (citing *Higgins v. White Servs. Group*, 2014 WL 12872798 at *3).

These inherently individualized inquiries are multiplied by the context of the Plaintiffs' theory of the case, which involves allegations of illegal time shaving. This means that there will

undoubtedly be additional inquiry into the circumstances surrounding the actual time and nature of the work performed, including each class member's specific job responsibilities and workloads, and whether a class member was, in fact, accurately timed or otherwise counted. These individualized questions of state law will most certainly predominate in the litigation.

**B. Plaintiffs' Claim for Unjust Enrichment Fails as a Matter of Law Because Plaintiffs Allege a Contract Governs Their Relationship.**

Plaintiffs seek to recover unpaid wages and overtime based on a theory of unjust enrichment. (ECF No. 9.) Even if Plaintiffs' unjust enrichment claim were not preempted by the FLSA, which it is, dismissal would likewise be required because Plaintiffs allege their respective relationships with Defendants are governed by contract. (*Id.* ¶ 4, ¶ 46, ¶65, ¶69, ¶71, ¶78, ¶91–¶99.)

"[I]n Texas, there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute." *Coleman v. Bank of New York Mellon*, No. 3:12-CV-04783, 2013 WL 1187158, at *6 (N.D. Tex. Mar. 4, 2013) (internal quotation marks and citation omitted); *see also Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (holding "[w]hen a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement").

Here, the basis of Plaintiffs' unjust enrichment claim is Defendants' alleged failure to pay Plaintiffs a promised amount of "30% of the amounts collected for each load they picked up and/or transported." (ECF No. 9, at ¶ 45.) However, Plaintiffs simultaneously allege that their claims are properly pled as breach of contract claims. *See* (*id.* ¶ 4, ¶ 65, ¶92–93, ¶97.)

Because, as Plaintiffs allege, a contract exists that covers the subject matter in dispute, Plaintiffs are then foreclosed from bringing an unjust enrichment claim. *See Fortune Prod. Co.*,

52 S.W.3d at 684; *Malone v. Ariba, Inc.*, 99 Fed. Appx. 545, 553-54 (5th Cir. 2004) (one may recover under an equitable theory only in the absence of a contract covering the subject matter) (citations omitted).

### C. Plaintiffs' Rule 23 Claims Should be Dismissed Because Supplemental Jurisdiction Over Their State Law Claims Is Not Warranted.

28 U.S.C. § 1367(c) provides additional, independent grounds for dismissing Plaintiffs' state law claims. It is appropriate to decline supplemental jurisdiction under Section 1367(c)(2) if the pendent claims "substantially predominate" over the federal claims. *Higgins v. White Servs. Group*, 2014 WL 12872798 at *3 (declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) where plaintiff's state law claims would substantially predominate over his FLSA overtime claims), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 62090 (W.D. Tex. May 5, 2014); *Leuthold*, 224 F.R.D. at 470.

As used in Section 1367(c)(2), the term "predomination" refers to the types of claims at issue but not necessarily the number of parties involved. *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (refusing to find supplemental jurisdiction, in part, due to the size disparity between two prospective classes of 447 "opt-in" FLSA plaintiffs and 4,100 "opt-out" Rule 23 plaintiffs); *see also Joseph v. Caesar's Entm't Corp.*, No. CIV. 10-6293 RBK/AMD, 2011 WL 2975433, *4-7 (D.N.J. July 21, 2011) (refusing to exercise pendent jurisdiction over plaintiff's state-law claims where doing so would undermine the FLSA's opt-in mechanism for bringing collective action employee wage and hour disputes). But Texas courts recognize that the existence of vast disparities between the "opt-in" FLSA plaintiffs and the "opt-out" state-law class members will cause a crucial difference that warrants refusal of supplemental jurisdiction on the basis of numbers alone. *See Jackson*, 220 F.R.D. at 59-61 (remanding the state-law Rule 23 class claims where those claims vastly outnumbered the federal claims brought under the FLSA). By the very

nature of Rule 23 plaintiffs being "opt-outs," the Texas claims will predominate over the FLSA claims as a matter of course and result in a disparity that would engulf the FLSA suit.

Plaintiffs' claims for breach of contract and unjust enrichment under Rule 23 seek to recover payment to "[a]ll current or former drivers of Defendants who were paid on a commission basis and who were not paid all of their promised commissions, at any time from four years before the date Plaintiffs' Original Complaint was filed until judgment is entered." (ECF No. 9, at ¶17.) As discussed above, the claims Plaintiffs seek to bring on behalf of the alleged putative "Texas Class" are not amenable to resolution by common proof, and the inquiries will largely be both individualized and present a broader scope of questions than those required to resolve the FLSA claim.

Regarding the breach of contract claim specifically, the discovery and trial will center on the unique details of each class member's load pick-ups and drop-offs, as well as the proportion of loads for which they were compensated. These details are unrelated to any potential claims for unpaid overtime under the FLSA. Consequently, both the relief available and the evidence required will differ significantly among class members, depending on whether a valid contract can be established under Texas law.

Similarly, the unjust enrichment claim will also require an examination of each putative class member's specific circumstance, which is not recognized as a standalone cause of action, unless the claimant proves "fraud, duress or the taking of undue advantage." *See First Am. Title Ins. Co. v. Moody Invests*, LLC, No. CIV.A. H-14-0473, 2015 WL 1220733, at *3 (S.D. Tex. Mar. 17, 2015). It follows that establishing the unjust enrichment claim will necessitate an individualized assessment of each claimant's situation to determine whether any alleged failure to receive proper payment for a delivered load involved elements of fraud, coercion, or exploitation.

The necessarily employee-specific inquiries outlined above, and the necessarily employer-specific answers—all of which are needed for an evaluation and resolution of the state law class claims of breach of contract and unjust enrichment—contradict Plaintiffs' allegations that common issues could possibly predominate in these contract and equitable claims.

Courts recognize that it is appropriate to deny supplemental jurisdiction pursuant to Section 1367(c)(2) where identifiable groups of plaintiffs assert state-law claims that may trigger liability under the FLSA. In *DeAsencio v. Tyson Foods Inc.*, 342 F.3d at 309, the court declined supplemental jurisdiction over a Pennsylvania state wage claim in part because of concerns regarding state law claim predomination over the companion federal claims under the FLSA. Focusing on the "terms of proof and scope of the issues" raised under the two laws, the court found that the state-law claim, "will require additional testimony and proof to substantiate beyond that required for the FLSA action." 342 F.3d at 309. The court also noted significant differences in the remedial scheme between Pennsylvania's wage law and the FLSA and noted "the scope of the state issues may substantially predominate over the more straightforward federal scheme." *Id.* at 309, n.13; s*ee also United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) (If "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."); *Ponticello v. Zurich Am. Ins. Grp.*, 16 F. Supp.2d 414, 440 (S.D.N.Y. 1998) (declining to exercise supplemental jurisdiction where confusion likely as to appropriate remedy under state versus federal law). Courts will generally find substantial predomination "where a state claim constitutes the real body of a case, to which the federal claim is only an appendage--only where permitting litigation of all claims in the district court can

accurately be described as allowing a federal tail to wag what is in substance a state dog." *Gibbs*, 383 U.S. at 725.

These concerns are even more pronounced when the state law claims are based on common law rather than wage and hour statutes. Plaintiffs' proposed Texas claims will necessitate individualized discovery, focusing on specific witnesses and evidence tied to personal circumstances. This approach involves a distinct legal analysis that will overshadow the broader question of whether an allegedly similarly situated group is entitled to relief under the FLSA.

## V.
## CONCLUSION

For these reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Rule 23 state law claims of breach of contract and unjust enrichment.

Date: June 13, 2025                                Respectfully submitted,

                                                   GRAY REED & McGRAW LLP

                                   By:     *s/ Amanda M. Inabnett*
                                           Ruth Ann Daniels
                                           *Attorney-in-charge*
                                           State Bar No. 15109200
                                           E-Mail: rdaniels@grayreed.com
                                           Amanda M. Inabnett
                                           State Bar No. 24012883
                                           E-Mail: ainabnett@grayreed.com

                                           1601 Elm Street, Suite 4600
                                           Dallas, Texas 75201
                                           Telephone: (214) 954-4135
                                           Fax: (214) 953-1332

                                           **ATTORNEYS FOR DEFENDANTS**

4927-6570-9902.2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 13, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel who have consented in writing to accept service of this document by electronic means.

*s/ Amanda M. Inabnett*
Amanda M. Inabnett
