**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ORLANDO RUIZ AND OSCAR DURANT, JR., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,** | § § § § § | **CIVIL ACTION NO. 1:25-CV-427-ADA-ML** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **JURY DEMANDED** |
| **ROCKHARD CO, LLC, ROCKHARD HOLDING, INC., AND CARLOS R. ROMAN, INDIVIDUALLY,** | § § § § § § | **CLASS AND COLLECTIVE ACTION** |
| **Defendants.** | | |

**<u>DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED</u>**
**<u>CLASS AND COLLECTIVE ACTION COMPLAINT</u>**

Defendants Rockhard Co., LLC (incorrectly named in Plaintiffs' Amended Complaint as "Rockhard Co, LLC"), Rockhard Holding, Inc., and Carlos R. Roman, (collectively "Defendants"), hereby file this Answer to Plaintiffs' First Amended Class and Collective Action Complaint (the "First Amended Complaint") and states as follows:

**SUMMARY**

1.     Defendants deny the allegations in paragraph 1 except admit that Rockhard Co., LLC, employs delivery drivers to pick up and transport gravel, topsoil and concrete in and around Round Rock, Texas area. Any remaining allegations in paragraph 1 not expressly admitted in this paragraph are hereby denied.

2.     Defendants deny the allegations in paragraph 2, including for the reason that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation.

4924-1343-8541.3

3.      Defendants deny the allegations in paragraph 3, including for the reason that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation.

4.      Defendants deny the allegations in paragraph 4, including for the reason that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation.

5.      The allegations in paragraph 5 are conclusory and argumentative in nature and do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph except admit that Named Plaintiffs purport to bring the instant lawsuit on behalf of themselves and others pursuant to state and federal law. Any remaining allegations in paragraph 5 not expressly admitted in this paragraph are hereby denied.

## JURISDICTION & VENUE

6.      The allegations in paragraph 6 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants admit that the Court currently has federal question jurisdiction under 28 U.S.C. § 1331 because of Plaintiffs' allegations pertaining to the Fair Labor Standards Act.

7.      The allegations in paragraph 7 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

8.      Defendants do not dispute that venue is proper and therefore admit the allegations in paragraph 8.

4924-1343-8541.3

**PARTIES**

9.      Defendants lack knowledge to admit or deny the allegations in paragraph 9. Accordingly, those allegations are denied.

10.      Defendants deny the allegations in paragraph 10, including for the reasons that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation and because the phrase "at all relevant times" is undefined, vague, and ambiguous.

11.      Defendants deny the allegations in paragraph 11, including for the reasons that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation, except admit that Plaintiff Ruiz was employed as a delivery driver by Rockhard Co., LLC. Any remaining allegations in paragraph 11 not expressly admitted in this paragraph are hereby denied.

12.      Defendants lack knowledge to admit or deny the allegations in paragraph 12. Accordingly, those allegations are denied.

13.      Defendants deny the allegations in paragraph 13, including for the reasons that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation and because the phrase "at all relevant times" is undefined, vague, and ambiguous.

14.      Defendants deny the allegations in paragraph 14, including for the reasons that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation, except admit that Plaintiff Durant was employed as a delivery driver by Rockhard Co., LLC. Any remaining allegations in paragraph 14 not expressly admitted in this paragraph are hereby denied.

15.      The allegations in paragraph 15 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants lack knowledge to

admit or deny the allegations in paragraph 15. Accordingly, those allegations are denied.

16.    The allegations in paragraph 16 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 16.

17.    The allegations in paragraph 17 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 17 subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

18.    The allegations in paragraph 18 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants lack knowledge to admit or deny the allegations in paragraph 18 including for the reason that the term "Similarly Situated Workers" subsumes legally conclusory terms such as "FLSA Collective" and "Texas Class" and also because the term "members" is undefined, vague, and ambiguous. Accordingly, the allegations in paragraph 18 are denied.

19.    Defendants admit the allegations in paragraph 19.

20.    In response to the allegations in paragraph 20: Defendants admit that Rockhard Co., LLC employed Ruiz and Durant; Defendants lack knowledge to admit or deny the remaining allegations in paragraph 20 including for the reason that Plaintiffs' definition of "Similarly Situated Workers" subsumes legally conclusory terms.

21.    Defendants admit the allegations in paragraph 21.

22.    Defendants admit the allegations in paragraph 22.

23.    Defendants deny the allegations in paragraph 23.

24.    Defendants admit the allegations in paragraph 24.

25.    Defendants admit the allegations in paragraph 25.

4924-1343-8541.3

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants admit the allegations in paragraph 27.

## COVERAGE UNDER THE FLSA

28.     Defendants deny the allegations in paragraph 28, including for the reason that the phrase "at all relevant times" is undefined, vague, and ambiguous.

29.     Defendants deny the allegations in paragraph 29, including for the reason that the phrase "at all relevant times" is undefined, vague, and ambiguous.

30.     Defendants deny the allegations in paragraph 30, including for the reason that the phrase "at all relevant times" is undefined, vague, and ambiguous.

31.     Defendants deny the allegations in paragraph 31, including for the reason that Plaintiffs do not specify whether the referenced three-year timeframe is to be accounted for by calendar year, fiscal year, or otherwise and is therefore undefined, vague, and ambiguous.

32.     Defendants deny the allegations in paragraph 32, including for the reason that Plaintiffs do not specify whether the referenced three-year timeframe is to be accounted for by calendar year, fiscal year, or otherwise and is therefore undefined, vague, and ambiguous.

33.     Defendants deny the allegations in paragraph 33, including for the reason that Plaintiffs use the term "many," which is undefined, vague, and ambiguous.

34.     Defendants deny the allegations in paragraph 34, including for the reason that the allegations are overbroadly directed at all "Defendants" without foundation or any accompanying explanation.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

**FACTS**

42.     Defendants deny the allegations in paragraph 42, including for the reason that the allegation is overbroadly directed at all "Defendants" and includes the phrase "among other things," which is undefined, vague, and ambiguous.

43.     Defendants deny the allegations in paragraph 43, including for the reason that the allegation is overbroadly directed at all "Defendants."

44.     Defendants deny the allegations in paragraph 44, including for the reason that the allegation is overbroadly directed at all "Defendants."

45.     Defendants deny the allegations in paragraph 45, including for the reason that the allegation is overbroadly directed at all "Defendants."

46.     Defendants deny the allegations in paragraph 46, including for the reason that the allegation is overbroadly directed at all "Defendants."

47.     Defendants deny the allegations in paragraph 47, including for the reason that the allegation is overbroadly directed at all "Defendants."

48.     Defendants deny the allegations in paragraph 48, including for the reason that the allegation is overbroadly directed at all "Defendants."

49.     The allegations in paragraph 49 are conclusory in nature and do not require a response. To the extent a response is required, Defendants lack knowledge to admit or deny the allegations in paragraph 49 including for the reason that the term "Similarly Situated Workers"

subsumes legally conclusory terms such as "FLSA Collective" and "Texas Class" and also because the term "consistently" is undefined, vague, and ambiguous. Accordingly, the allegations in paragraph 49 are denied.

50.     The allegations in paragraph 50 are conclusory in nature and do not require a response. To the extent a response is required, Defendants lack knowledge to admit or deny the allegations in paragraph 50 including for the reason that the term "Similarly Situated Workers" subsumes legally conclusory terms such as "FLSA Collective" and "Texas Class" and also because the term "typically" is undefined, vague, and ambiguous. Accordingly, the allegations in paragraph 50 are denied.

51.     Defendants deny the allegations in paragraph 51, including for the reason that the allegation is overbroadly directed at all "Defendants."

52.     Defendants deny the allegations in paragraph 52, including for the reason that the allegation is overbroadly directed at all "Defendants."

53.     Defendants deny the allegations in paragraph 53, including for the reason that the allegation is overbroadly directed at all "Defendants."

54.     Defendants deny the allegations in paragraph 54, including for the reason that the allegation is overbroadly directed at all "Defendants."

55.     Defendants deny the allegations in paragraph 55, including for the reason that the allegation is overbroadly directed at all "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

56.     The allegations in paragraph 56 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

57.     The allegations in paragraph 57 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

58.     Defendants deny the allegations in paragraph 58, including for the reason that Plaintiffs' definition of the term "FLSA Collective" is conclusory and states legal conclusions, and because the term "members" is undefined, vague, and ambiguous.

59.     The allegations in paragraph 59 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

60.     Defendants deny the allegations in paragraph 60, including for the reason that Plaintiffs' definition of the term "FLSA Collective" is conclusory and states legal conclusions.

61.     Defendants deny the allegations in paragraph 61, including for the reason that the term/phrase "these FLSA non-exempt workers," is undefined, vague, and ambiguous.

62.     The allegations in paragraph 62 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

63.     The allegations in paragraph 63 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS—TEXAS CLASS

64.     The allegations in paragraph 64 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

65.    The allegations in paragraph 65 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

66.    The allegations in paragraph 66 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

67.    The allegations in paragraph 67 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

68.    The allegations in paragraph 68 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

69.    The allegations in paragraph 69 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

70.    The allegations in paragraph 70 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

71.    The allegations in paragraph 71 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

72.    The allegations in paragraph 72 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations

4924-1343-8541.3

subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

73.    The allegations in paragraph 73 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

74.    The allegations in paragraph 74 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

75.    The allegations in paragraph 75 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

76.    The allegations in paragraph 76 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

77.    The allegations in paragraph 77 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

78.    The allegations in paragraph 78 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

79.    The allegations in paragraph 79 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

80.    The allegations in paragraph 80 are conclusory in nature, state legal conclusions,

and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

81.     The allegations in paragraph 81 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

## FIRST CAUSE OF ACTION—FLSA VIOLATIONS
### AS TO RUIZ, DURANT, AND THE FLSA COLLECTIVE

82.     Defendants incorporate all responses contained in the foregoing paragraphs as though fully set forth herein.

83.     The allegations in paragraph 83 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

84.     The allegations in paragraph 84 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

85.     The allegations in paragraph 85 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

86.     The allegations in paragraph 86 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

87.     The allegations in paragraph 87 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

4924-1343-8541.3

88.     The allegations in paragraph 88 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

89.     The allegations in paragraph 89 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION—BREACH OF CONTRACT
## AS TO RUIZ, DURANT, AND THE TEXAS CLASS

90.     Defendants incorporate all responses contained in the foregoing paragraphs as though fully set forth herein.

91.     The allegations in paragraph 91 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

92.     The allegations in paragraph 92 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

93.     The allegations in paragraph 93 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

94.     The allegations in paragraph 94 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

95.     The allegations in paragraph 95 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations

4924-1343-8541.3

subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

96.     The allegations in paragraph 96 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

97.     The allegations in paragraph 97 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

98.     The allegations in paragraph 98 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

99.     The allegations in paragraph 99 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

## CAUSE OF ACTION—UNJUST ENRICHMENT
## AS TO RUIZ, DURANT, AND THE TEXAS CLASS

100.     Defendants incorporate all responses contained in the foregoing paragraphs as though fully set forth herein.

101.     The allegations in paragraph 101 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

102.     The allegations in paragraph 102 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

103.     The allegations in paragraph 103 are conclusory in nature, state legal conclusions,

4924-1343-8541.3

and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

104.    The allegations in paragraph 104 are conclusory in nature, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the allegations subject to their contemporaneously filed Renewed Partial Motion to Dismiss.

**RELIEF SOUGHT**

Regarding the unnumbered paragraph on page 13 of the First Amended Complaint beginning with the phrase "Plaintiffs pray for judgment against Defendants as follows," including subparagraphs enumerated "a" through "i," Defendants deny any wrongdoing or liability as to the allegations contained therein and further deny that the Named Plaintiffs or any other individuals are entitled to any of the relief sought.

**<u>DEFENSES AND AFFIRMATIVE DEFENSES</u>**

1.      Named Plaintiffs and/or some or all of the alleged putative class and collective members fail to state a claim upon which relief can be granted.

2.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, because they are unable to prove their alleged losses, damages, and/or injuries in accordance with applicable law.

3.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, may be barred, in whole or in part, because Named Plaintiffs and/or some or all of the putative class and collective members may have waived and/or released such claims in exchange for adequate consideration.

4.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are limited to the extent they have failed to mitigate their damages (if

any).

5.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, may be barred to the extent they seek remedies beyond those provided for by applicable law.

6.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, by contract terms.

7.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

8.      Defendants are not liable to the extent any statements or actions were made in good faith reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the U.S. Department of Labor.

9.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, fail to the extent they rest upon alleged violations of the Fair Labor Standards Act ("FLSA").

10.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, because they were paid a lawful wage for which they agreed to work.

11.      Named Plaintiffs' claims, individually and on behalf of the alleged putative class and collective members, are barred, in whole or in part, by offset.

12.      Defendants have complied with all applicable statutes and regulations set forth by local, state, and federal government, related to the conduct alleged in Named Plaintiffs' Complaint, precluding Named Plaintiffs or the alleged putative class and collective members from recovering

damages.

13.     The damages (if any) suffered by Named Plaintiffs and/or some or all of the alleged putative class and collective members are the direct and proximate result of their own acts and omissions.

14.     This case cannot be maintained as a class action because Named Plaintiffs are not similarly situated to or otherwise adequate representatives for the members of the alleged putative class and/or collective whom they purport to represent.

15.     Some or all of Named Plaintiffs' claims, individually and/or on behalf of any alleged putative class and/or collective members, are barred by res judicata and/or collateral estoppel and/or to the extent there is/are currently other action(s) pending on the same claims.

16.     Named Plaintiffs and/or some or all of the alleged putative class and/or collective members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under Fed. R. Civ. P. 23.

17.     Named Plaintiffs' FLSA claims, individually and on behalf of the alleged putative collective members, are barred and/or limited by the applicable statute of limitations.

18.     Named Plaintiffs' FLSA claims, individually and on behalf of the alleged putative collective members, are barred by good faith. Defendants believe in good faith that Named Plaintiffs and all alleged putative collective members were properly paid all wages owed to Named Plaintiffs and all alleged putative collective members. Defendants have an honest intention to comply with all wage laws and reasonably believe that Named Plaintiffs and all alleged putative collective members have been properly compensated for all time worked.

19.     Named Plaintiffs' FLSA claims, individually and on behalf of the alleged putative collective members, are barred to the extent that Named Plaintiffs and the collective members seek

- 16 -

recovery for time that is not compensable time under the FLSA. In the alternative, Defendants are entitled to an offset for monies paid to Named Plaintiffs and all alleged putative collective members by Defendants for periods in which Named Plaintiffs and alleged putative collective members were not engaged in compensable work.

20.    Although Defendants deny all allegations of unlawful conduct in the Complaint and contend that Named Plaintiffs and all alleged putative collective members were at all times paid in compliance with applicable laws, if the fact-finder disagrees, Named Plaintiffs exaggerate the number of hours worked and Defendants' record-keeping accurately reflects their actual hours worked.

21.    Defendants engaged in no conduct that warrants an award of liquidated damages.

22.    To the extent any relief sought by Named Plaintiffs or any alleged putative class or collective members would be duplicative of relief sought by other plaintiffs in other lawsuits or administrative actions—thereby subjecting Defendants to the possibility of multiple recoveries—such recovery is barred.

23.    Defendants reserve the right to plead, assert, and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Named Plaintiffs or alleged putative class or collective members or otherwise through discovery.

<u>**DEFENDANTS' PRAYER FOR RELIEF**</u>

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs and all unnamed others take nothing by the Complaint, and that Defendants be granted such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

4924-1343-8541.3

Date: June 13, 2025              Respectfully submitted,

                                 GRAY REED & McGRAW LLP


                                 By:    *s/ Amanda M. Inabnett*
                                        Ruth Ann Daniels
                                        *Attorney-in-charge*
                                        State Bar No. 15109200
                                        E-Mail:  rdaniels@grayreed.com
                                        Amanda M. Inabnett
                                        State Bar No. 24012883
                                        E-Mail:  ainabnett@grayreed.com

                                 1601 Elm Street, Suite 4600
                                 Dallas, Texas 75201
                                 Telephone: (214) 954-4135
                                 Fax: (214) 953-1332

                                 **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on June 13, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel who have consented in writing to accept service of this document by electronic means.

*s/ Amanda M. Inabnett*
Amanda M. Inabnett

4924-1343-8541.3