IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ORLANDO RUIZ AND OSCAR DURANT, JR., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>　　　　　Plaintiffs,<br><br>v.<br><br>ROCKHARD CO, LLC, ROCKHARD HOLDINGS, LLC, AND CARLOS R. ROMAN, INDIVIDUALLY,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§　　CIVIL NO. A-25-CV-427-ADA-ML |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court are Defendants' Renewed Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 11) and all related briefing.[1] Having considered the pleadings, the relevant case law, and the parties' oral arguments, the undersigned submits the following Report and Recommendation to the District Judge.

**I.　BACKGROUND**

Plaintiffs Orlando Ruiz and Oscar Durant Jr. bring this case on behalf of themselves and all others similarly situated. Dkt. 9 (FAC). They assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for unpaid wages. They also assert Rule 23 class claims for

---

[1] The motion was referred by United States District Judge Alan D Albright to the undersigned for a Report and Recommendation as to the merits or for disposition, as appropriate, pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. 2, Magistrate Referral Order, dated February 27, 2025.

1

breach of contract and unjust enrichment for failing to pay class members according to the terms they agreed.

Defendants move to dismiss the Rule 23 class claims. Dkt. 11. First, Defendants argue that Rule 23 class claims, which operate on an opt-out basis, are incompatible with FLSA collective action claims, which operate on opt-in basis. Next, Defendants argue the state law claims will require individual inquiries and cannot be maintained as a class action. Finally, Defendants contend the unjust enrichment claim fails as a matter of law because Plaintiffs allege a contract governs their employment relationship with Defendants. Plaintiffs oppose the motion, Dkt. 13; and Defendants have filed a reply brief in support of their motion, Dkt. 14.

The court will address each argument in turn.

## II.     RULE 23 AND FLSA CLAIMS

Although Defendants style their motion as brought under Rule 12(b)(6), they actually argue the court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law class claims. They contend the procedures for managing an FLSA class and a Rule 23 class for state-law claims are so incompatible that the Rule 23 class claims should be dismissed.

In the FLSA context, a class member must affirmatively *opt in* to the class. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). In contrast, under Rule 23(b)(3), a putative class member is a class member if they are included in the class definition unless they affirmatively *opt out* of the class. FED. R. CIV. P. 23(c)(2)(B)(v), (vi); *see also Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021) ("Section 216(b)'s opt-in mechanism differs from Rule 23 class actions, where members are bound by the judgment or settlement unless they affirmatively opt out.").

Defendants rely on the Fifth Circuit's dicta[2] in *LaChapelle v. Owens-Illinois, Inc.*:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA [§ 216(b)]. In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under [§ 216(b)] of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. It is crystal clear that [§ 216(b)] precludes pure Rule 23 class actions in FLSA suits.

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (internal citations omitted). Defendants cite and rely on the many cases that, relying on *LaChapelle*, have recognized "the simultaneous management of the two 'irreconcilable' procedures for class formation is unwieldy, would detract from the efficient resolution of the substantive dispute and, most importantly, is frowned upon by the Fifth Circuit." *See Jackson v. City of San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003).

Plaintiffs argue *La Chapelle* stands for the proposition that a plaintiff cannot seek to certify a Rule 23 class for FLSA plaintiffs and then contend all potential members are automatically part of the class unless they opt out. Plaintiffs assert that is not their attempt here—they seek an FLSA class under the FLSA procedures and seek a Rule 23 class for their state-law claims. Plaintiffs, in turn, direct the court to more recent cases that have not foreclosed the possibility of a "hybrid" case that contains both FLSA and Rule 23 classes. *See Barnhizer v. Am. Airlines, Inc.*, No. 4:24-CV-00580-P, 2024 WL 4758821, at *4 (N.D. Tex. Nov. 12, 2024) (addressing *res judicata* issues of whether prior FLSA class claim precluded current Rule 23 claims); *Cantu v. Mammoth Energy Servs.*, No. SA-19-CV-615-DAE, 2023 WL 3681704, at *10 (W.D. Tex. Feb. 28, 2023) (dismissing Rule 23 claims on summary judgment because they were not pursued); *Boudreaux v.*

---

[2] As the Fifth Circuit noted in *LaChapelle*: "This however, is an ADEA, not an FLSA action." *LaChapelle*, 513 F.2d at 288.

*Schlumberger Tech. Corp.*, No. 6:14-CV-02267, 2022 WL 992671, at *2 (W.D. La. Mar. 30, 2022)(finding that opt-in plaintiffs were not parties to the Rule 23 class claims that were never certified and dismissing those claims).

The undersigned does have serious concerns about the practical issues of maintaining both an FLSA opt-in class and Rule 23 opt-out class in one suit. However, those concerns seem premature—at this time, there is no Rule 23 class. *If* Plaintiffs move to certify a Rule 23 class, and *if* the court does certify such a class, the court can address this issue at that time.

Accordingly, the court will recommend this aspect of Defendants' motion be denied without prejudice to re-raising at a later stage.

## III. RULE 23 STATE-LAW CLAIMS

Defendants next argue Plaintiffs' state-law claims for breach of contract and unjust enrichment cannot be maintained as Rule 23 claims because they will require individualized inquiries, which will dominate over class issues. Defendants argue one central issue will be whether a valid contract exists between each class member and Defendants.

Rule 23(b)(3) authorizes class certification where (1) "questions common to the class members predominate over questions affecting only individual members," and (2) "class resolution is superior to alternative methods for adjudication of the controversy." *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (quoting *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003)). Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual member, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). "The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating,

4

individual issues." *Sampson v. United Servs. Auto. Ass'n*, 83 F.4th 414, 418 (5th Cir. 2023) (quoting *Tyson Foods Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)).

When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though "other important matters" will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members. *Sampson*, 83 F.4th at 418, 422. But while damages are specifically described among these "other important matters," liability and injury are not. *Id.* at 422 (citing 2 Newberg and Rubenstein on Class Actions § 4:53 (6th ed.) ("A series of issues recur in the predominance analysis. Several of these—[including] individual damage[s] . . .—rarely defeat a finding of predominance.")).

Determining whether plaintiffs can clear the predominance hurdle set by Rule 23(b)(3) also requires courts to consider "how a trial on the merits would be conducted if a class were certified." *Bell Atl. Corp*, 339 F.3d at 302. This, in turn, "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class," a process that ultimately "prevents the class from degenerating into a series of individual trials." *Id.* at 302 (quoting *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003)).

These determinations are premature at this stage of the case. The court will recommend this aspect of Defendants' motion be denied without prejudice to re-raising at the class certification stage.

### IV.   UNJUST ENRICHMENT

Defendants argue Plaintiffs' unjust enrichment claim fails as a matter of law because a contract governs the parties' relationship. Although Plaintiffs opposed this aspect of the motion in

their briefing, at the hearing Plaintiffs indicate their intention to withdraw their unjust enrichment claim. Accordingly, the undersigned will recommend the unjust enrichment claim be dismissed without prejudice.

## V.  RECOMMENDATIONS

The undersigned further **RECOMMENDS** that the District Judge **DENY without prejudice** Defendants' Renewed Partial Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) in part (Dkt. 11).

As Plaintiffs have agreed to withdraw their unjust enrichment claim, the undersigned **RECOMMENDS** that claim be **dismissed without prejudice**.

## VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED September 24, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE